UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD LONGWELL, III,**

      **Plaintiff,**

  v.                                     **Civil Action 2:22-cv-2673**
                                                    **Chief Judge Algenon L. Marbley**
**DR. GEORGE CHOLAK,** *et al.*,           **Magistrate Judge Chelsey M. Vascura**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident proceeding without the assistance of counsel, brings this action against Defendants, several medical staff at the Belmont County Jail, alleging that he was denied necessary medical treatment and his medical information was shared without his consent. (Am. Compl., ECF No. 9.) The Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 9); accordingly, this matter is before the Court for the initial screen of Plaintiff's Amended Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, Plaintiff **MAY PROCEED** on his individual-capacity claims for Eighth Amendment medical indifference against to-be-named Defendants. The undersigned

**RECOMMENDS** that that the Court **DISMISS** Plaintiff's remaining claims pursuant to § 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

2

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Although Plaintiff is currently on supervised release, it appears from Plaintiff's Complaint that the events in question took place when he was previously incarcerated at Belmont County Jail, and that Plaintiff commenced this action when he was incarcerated at Eastern Ohio Correction Center. (*See* Pl.'s Compl., ECF No. 1-1 at PAGEID #13, 27–40) (asserting Plaintiff was "transferred out to E.O.C.C after" submitting complaints relevant to his claims and attaching portions of the Belmont County Jail Prisoner Handbook, attributed to Defendant Sheriff David Lucas). Plaintiff's Amended Complaint alleges that after being treated in hospital for severe injuries, an unnamed Jail nurse made a copy of Plaintiff's hospital discharge instructions; yet Plaintiff was denied medical attention for the duration of his incarceration at the Jail. (Am. Compl. 5, ECF No. 9.) Plaintiff alleges that, contrary to the discharge instructions, he was never provided with ice, a pillow to elevate his arm, or Tylenol or other anti-inflammatory drugs; his injured finger was never wrapped or splinted; and he never attended a follow-up appointment with a specialist. (*Id.*) Plaintiff alleges that, as a result, his finger "healed crooked" and he is "in constant pain." (*Id.* at 6.) Plaintiff also alleges that "they" released photos of his injuries to non-medical staff in violation of the Health Insurance Portability and Accountability Act, 45 C.F.R. Part 164 ("HIPAA").

Although Plaintiff names Dr. George Cholak, Nurse Sue, and Nurse Deanne as Defendants, Plaintiff's Amended Complaint does not attribute any conduct to these individuals. Moreover, Plaintiff alleges he "requested the Doctor's name and the nurse's names multiple times and was denied these requests." (Am. Compl. 5, ECF No. 9.) Plaintiff has also filed a motion to compel Defendants to produce the names of the jail medical staff, presumably so he

may add them as Defendants. (ECF No. 2.) Plaintiff seeks injunctive relief and punitive damages. (*Id.* at 6.)

The undersigned construes Plaintiff's Amended Complaint to advance (1) a claim under 42 U.S.C. § 1983 against unnamed Jail staff for medical indifference in violation of the Eighth Amendment, and (2) a claim against unnamed Jail staff for violation of his HIPAA rights. The undersigned considers each claim in turn.

A.    **Eighth Amendment Medical Indifference**

With regard to his constitutional claim, Plaintiff does not specify whether he intends to sue Defendants in their official or individual capacities. To the extent Plaintiff intends to sue Defendants in their official capacities, Plaintiff's claims must be dismissed. "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Applied here, Plaintiff's official-capacity claims are advanced against Belmont County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d

5

238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Here, Plaintiff has not alleged any facts upon which the Court could rely to conclude that an official policy or custom of Belmont County resulted in the violation of his constitutional rights. Consequently, it is **RECOMMENDED** that, to the extent Plaintiff intends to sue Defendants in their official capacities for Eighth Amendment medical indifference, those claims be **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b).

Further, Plaintiff fails to state an individual-capacity Eighth Amendment medical indifference claim against any of the named Defendants, because Plaintiff's Amended Complaint does not attribute any conduct to Dr. George Cholak, Nurse Sue, or Nurse Deanne. The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012).

However, Plaintiff also alleges that he attempted to identify the Jail medical staff responsible for denying him medical treatment and those requests were denied (Am. Compl. 5,

ECF No. 9). Plaintiff has further moved to compel the Jail to disclose the names of the relevant medical staff, which the undersigned construes as a request for early discovery under Federal Rule of Civil Procedure 26(d). (ECF No. 2.) Under these circumstances, Plaintiff **MAY PROCEED** on his individual-capacity Eighth Amendment medical indifference claim against to-be-named Defendants. Plaintiff's Motion to Compel (ECF No. 2) is **GRANTED** for good cause shown. The Belmont County Jail is **ORDERED** to (1) provide Plaintiff with the names of the Jail medical staff during the time Plaintiff was incarcerated there **WITHIN FOURTEEN DAYS** of the date of this Order, and (2) to file a Notice on the docket indicating that it has complied with this Order **WITHIN THREE DAYS** of its compliance. Plaintiff is **ORDERED** to file a Second Amended Complaint that names the relevant Jail medical staff as Defendants **WITHIN FOURTEEN DAYS** of receiving the information from the Belmont County Jail. If Plaintiff wishes the United States Marshal to effect service of process over the to-be-named Defendants, Plaintiff should also file a Summons in a Civil Action Form AO 440 and a U.S. Marshal Service Form USM-285 for each Defendant.

**B.     HIPAA Violations**

Plaintiff's allegation that Jail medical staff violated his HIPAA rights when they sent photos of his injuries to non-medical staff fails to state a claim upon which relief can be granted because HIPAA does not authorize a private right of action. *See Faber v. Ciox Health, LLC*, 944 F.3d 593, 596 (6th Cir. 2019). Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's HIPAA claims.

**III.     DISPOSITION**

For the foregoing reasons, Plaintiff **MAY PROCEED** on his individual-capacity claims for Eighth Amendment medical indifference against to-be-named Defendants; Plaintiff's Motion to Compel (ECF No. 2) is **GRANTED**; and it is **RECOMMENDED** that the Court **DISMISS**

Plaintiff's remaining claims pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

The Belmont County Jail is **ORDERED** to (1) provide Plaintiff with the names of the Jail medical staff during the time Plaintiff was incarcerated there **WITHIN FOURTEEN DAYS** of the date of this Order, and (2) to file a Notice on the docket indicating that it has complied with this Order **WITHIN THREE DAYS** of its compliance. The Belmont County Jail should mail the information to Plaintiff, Donald Longwell, at 1273 Elm St., Bellaire, Ohio 43906.

Plaintiff is **ORDERED** to file a Second Amended Complaint that names the relevant Jail medical staff as Defendants **WITHIN FOURTEEN DAYS** of receiving the information from the Belmont County Jail. The Clerk is **DIRECTED** send a copy of this Order and Report and Recommendation and Plaintiff's Motion to Compel (ECF No. 2) to the Belmont County Jail.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE