UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD LONGWELL, III,

      Plaintiff,

v.                                       Civil Action 2:22-cv-2673
                                            Chief Judge Algenon L. Marbley
                                            Magistrate Judge Chelsey M. Vascura

DR. GEORGE CHOLAK, *et al.*,

      Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the Court for consideration of Plaintiff's failure to comply with the Show Cause Order dated October 24, 2022. (ECF No. 13.) For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's individual capacity claims against unnamed medical staff at Belmont County Jail ("BCJ") be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On September 14, 2022, the undersigned issued an Order and Report and Recommendation recommending that Plaintiff's individual-capacity claims for medical indifference against unnamed medical staff at BCJ be permitted to proceed. (ECF No. 10.) The Court additionally granted Plaintiff's request for early discovery and ordered BCJ to produce the names of the medical staff who worked there while he was in custody. (*Id*.) Plaintiff was ordered to file a Second Amended Complaint naming as defendants the medical staff who were allegedly

indifferent to his medical needs. (*Id.*) Plaintiff was instructed to file that Second Amended Complaint within fourteen days of receiving the names of the medical staff from BCJ. (*Id.*)

On September 27, 2022, BCJ filed a Notice of Compliance indicating that it had mailed Plaintiff the names of the relevant medical staff on September 23, 2022. (ECF No. 11.) BCJ served Plaintiff that Notice of Compliance, which also included those names, on September 26, 2022. (*Id.*) But Plaintiff never filed a Second Amended Complaint naming as defendants the medical staff who allegedly violated his Eight Amendment rights.

Accordingly, the Court issued a Show Cause Order on October 24, 2022 (ECF No. 13), directing Plaintiff to Show Cause as to why this action should not be dismissed with prejudice for failing to comply with the Court's September 14, 2022 Order (ECF No. 10). Plaintiff had fourteen days to respond. To date, Plaintiff has not done so.

## II.

The Court's inherent authority to dismiss a claim because of failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

A district court has the authority to dismiss an action under Rule 41(b) when it has put a party "on notice that further noncompliance would result in dismissal." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). "This measure is available to the district court as a

2

tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). The Sixth Circuit directs district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

**III.**

Here, Plaintiff has failed to respond to a Court Order which put him on notice that his claims could be dismissed for failure to prosecute if he did not respond to the October 24, 2022 Show Cause Order. Plaintiff also failed to comply with the Court's September 14, 2022 Order directing him to file a Second Amended Complaint after he received information from BCJ. Plaintiff's failure to comply with Court Orders, both of which established a reasonable deadline for compliance and put Plaintiff on notice of the consequences of noncompliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"); *cf. Tarrier Steel Co. v. Wesex Corp.,* No. 2020 WL 996475, at *1 (S.D. Ohio Mar. 2, 2020) (dismissing crossclaim for failure to prosecute under Rule 41(b) after failure to respond to court order or make timely filing; noting dismissal "dismissal serve[d]

3

the interests of docket management and avoiding unnecessary burdens on the courts and parties in this action"). Because Plaintiff ignored Court Orders and deadlines, the undersigned concludes that no alternative sanction is appropriate. The undersigned therefore **RECOMMENDEDS** that Plaintiff's action be **DISMISSED WITH PREJUDICE** for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within 14 days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE